UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID J. DIXON STP-17-12-0190,       )
                                      )
            Petitioner,               )
                                      )
      v.                              )   No. 1:18-cv-00913-TWP-TAB
                                      )
EMERSON,                              )
                                      )
            Respondent.               )

**Order Granting Petition for Writ of Habeas Corpus, Vacating Sanctions,
and Directing Entry of Final Judgment**

The petition for a writ of habeas corpus filed by David J. Dixon ("Mr. Dixon") challenges a prison disciplinary proceeding for unauthorized possession of personal information, identified as No. STP-17-12-0190. For the reasons explained in this Entry, Mr. Dixon's habeas petition is **granted**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 22, 2017, Investigator Grider wrote a Conduct Report charging Mr. Dixon with B-247, unauthorized possession of personal information. Dkt. 8-1 at 1. The Conduct Report states:

> While reviewing JPay[1] messages on 12-22-17 it was found that on December 16, 2017 at 10:05 AM Offender Dixon, David DOC# 111218 requests through JPay for his contact to text the contact of another offender to communicate a message for him. Offender Dixon messages the other offender's contact's phone number to his own contact. This constitutes a conduct B247 Unauthorized possession of personal information.

*Id*. JPay message 361345931 was attached to the Conduct Report. Dkt. 8-1 at 2.

Mr. Dixon was notified of the charge on January 3, 2018, when he received the Screening Report. Dkt. 8-2 at 1. He pleaded not guilty to the charge, requested a lay advocate, but did not request any witnesses or any physical evidence. *Id.* He also waived his right to 24 hours' advance notice before the disciplinary hearing. *Id.* Mr. Dixon signed the Screening Report. *Id.* Inmate Christopher Cooley agreed to be Mr. Dixon's lay advocate. Dkt. 8-2 at 2.

The prison disciplinary hearing was held on January 8, 2018. According to the notes from the hearing, Mr. Dixon stated, "I was just relaying a message for a friend so he could talk to his family. I didn't know it was against the rules or I wouldn't have done it." Dkt. 8-3 at 1. Based on the staff reports and the physical evidence of the attached JPay message (Dkt. 8-3 at 2), the hearing officer found Mr. Dixon guilty of B-247, unauthorized possession of personal information. The sanctions imposed included ninety days of earned-credit-time deprivation (suspended) and a credit class demotion. *Id.*

---

[1] JPay is a privately held corrections-related service provider which offers correctional services, including money transfer, email, videos, tablets, music, education & parole and probation payments. *See* www.jpay.com/AboutUs.aspx.

Mr. Dixon appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Dixon's habeas petition challenges his prison disciplinary conviction on two grounds: (1) sufficiency of the evidence and (2) he was denied a lay advocate. *See* dkt. 2. The respondent argues that Mr. Dixon had a lay person and there is "some evidence" to support his conviction. Dkt. 8. Mr. Dixon has not filed a reply, and time to do so has passed.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-247 is titled "Possession or Solicitation of Unauthorized Personal Information," and is defined as:

> Possessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order

> or as approved in writing by the Facility Head. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

In order to convict Mr. Dixon of a B-247 charge under these facts, it must be shown that he possessed unauthorized personal information (a telephone number) of another offender, ex-offender, victim/witness, potential victim, or current or former staff person. In his correspondence on the JPay system, Mr. Dixon states "[B]ev when u get this later do me a favor text this number and tell her that her man said get more money on the phone 317-413-6401 please and let me know if she replies thank u." Dkt. 8-1. The respondent argues that "[t]his communication shows that Dixon possesses a phone number that is associated with another offender or other individual that he is not authorized to possess." Dkt. 8 at 6. The Court disagrees. The communication makes clear that the number belonged to a woman whose "man" was an inmate along with Mr. Dixon. There is no evidence in either the Conduct Report or the disciplinary hearing report that this unidentified woman was an "offender, ex-offender, victim/witness, potential victim, or current or former staff person."

Because there are no facts or evidence of record that the telephone number belonged to an "offender, ex-offender, victim/witness, potential victim, or current or former staff person," the "some evidence" standard required in disciplinary cases is not met here.

With respect to Mr. Dixon's claim that his lay advocate was "never present or listed as requested," dkt. 2 at 4, the record reflects that Mr. Dixon was given a lay advocate, inmate Christopher Cooley. Dkt. 8-2 at 2. Even if Mr. Dixon was not given a lay advocate, the denial of a lay advocate would not violate his due process rights. "[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the

complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see also Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). Mr. Dixon has fully briefed the issues on his own, demonstrating his literacy, and the charge in the disciplinary hearing was not complex.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Dixon's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed in case No. STP-17-12-0190 must be **VACATED AND RESCINDED**. Accordingly, Mr. Dixon's petition for a writ of habeas corpus is **GRANTED**.

**IT IS SO ORDERED.**

Date: 7/26/2018

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID J. DIXON
111218
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov